Reversed and Rendered in Part, Reversed and Remanded in part, and
Opinion filed October 28, 2005









 

Reversed and
Rendered in Part, Reversed and Remanded in part, and Opinion filed October 28, 2005.

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-03-01088-CV

____________

 

JEFFREY LONDON, Appellant

 

V.

 

LETICIA LONDON, Appellee

 



 

On Appeal from the 308th District
Court

Harris County, Texas

Trial Court Cause No. 95-51934

 



 

O P I N I O N

In thirteen issues, Jeffrey London (AJeff@) appeals the
trial court=s 
award of increased child support and attorney=s fees in favor of
Leticia London (ALeticia@) and its denial
of his claim for recoupment.  We reverse
the trial court=s judgment and render judgment that (1)
Jeff recoup $86,250 in child support previously paid, (2) Leticia take nothing
on her modification claim, and (3) Jeff recoup child support he over-paid
during the pendency of this appeal.  We
further remand the issue of attorneys fees to the trial court for proceedings
consistent with this opinion.








I.         
Factual and Procedural Background

Jeff and Leticia divorced in 1995 and were
appointed joint managing conservators of their two children, Nicolas, born in
1992, and Alexa, born in 1994.  Under the
terms of the divorce decree, Jeff was ordered to pay $1,500 per month in child
support, to provide and pay for health insurance for the children, to pay all
uninsured medical expenses incurred by the children, to pay as additional child
support up to $700 per month towards tuition and education expenses of the
children, and to pay contractual alimony in the amount of $1,500 per month for
a period of nineteen months. 

In 1998, Jeff filed a petition to modify
the parent-child relationship in which he sought modification of his periods of
possession, the sole right to make educational decisions for the children, and
a domicile restriction.  Leticia filed a
counter-petition in which she sought an increase in child support and removal
of the domicile restriction set forth in the divorce decree.  In 2001, the trial court increased Jeff=s child support
obligation from $1,500 to $4,500 a month, awarded Leticia $40,000 in attorney=s fees, awarded
Jeff the sole right to make the decisions regarding the children=s education and
additional periods of possession, and restricted the children=s primary
residence to Harris County. 

Jeff appealed the trial court=s 2001 child
support and attorney=s fees awards in favor of Leticia, and a
panel of this court reversed and rendered judgment that Leticia take nothing on
her claims for increased child support and attorney=s fees and
affirmed the remainder of the judgment.  London
v. London, 94 S.W.3d 139 (Tex. App.CHouston [14th
Dist.] 2002, no pet.).  Five days after
the issuance of this court=s opinion, Leticia
filed a second motion for modification in the trial court in which she sought
an increase in the $1,500 in child support Jeff was ordered to pay under the
divorce decree and attorney=s fees.  In response, Jeff filed a general denial and
a counterclaim in which he sought recoupment of $86,250 from Leticia, the total
amount of increased child support and retroactive child support payments he
made to Leticia during the pendency of his appeal of the trial court=s 2001 judgment
that increased his monthly child support obligation to $4,500 per month.








On June 27, 2003, after an oral hearing,
the trial court granted Leticia=s second motion
for increased child support and ordered Jeff=s support
obligation for the children increased from $1,500 per month to $3,000 per month
and awarded Leticia retroactive support in the amount of $6,000.  The trial court further awarded Leticia=s attorney $12,000
for legal services rendered in relation to the children, in the nature of child
support with interest, and $15,000 for attorney=s fees in the
event of a successful appeal for the benefit of her attorney, along with costs
and expenses with interest.

Jeff timely filed a request for findings
of fact and conclusions of law.  The
trial court issued 23 findings and conclusions,[1]
summarized as follows:         

_        The
circumstances of both children, as well as Leticia and Jeff, materially and
substantially have changed since the date of rendition of the court=s order to be modified (findings 1,
2, 3, and 4).

_        At
the time of the trial court=s findings, Leticia=s net resources were less than $8,000 per year and less
than $700 per month, and her net resources from employment at the time of
rendition of the order to be modified were none (findings 5 and 8).

_        Jeff=s net resources as of the date of
trial exceeded $60,000 per month, and Jeff=s net resources at the time of rendition of the order to be
modified were at least $14,823 per month (findings 6 and 7).

_        The
monthly proven needs of the children during Leticia=s periods of possession are more
than $3,500 per month (finding 9).

_        Leticia
incurred $12,000 in reasonable and necessary attorney=s fees in the presentation of her
motion to increase child support. 
Reasonable and necessary attorney=s fees for the representation of Leticia on an appeal to
the court of appeals would be $10,000 and on an appeal to the Texas Supreme
Court would be $5,000 (findings 10, 11, and 12).

_        Leiticia
filed the motion to modify on November 11, 2002; Jeff entered an appearance on
February 5, 2003; and the increase in child support is retroactive to February
1, 2003 (findings 13, 14, and 15).

_        The
existing order restricts the primary residence of the children to Harris
County, Texas beyond the year 2000 (finding 16).








_        The
domicile restriction in the divorce decree was to expire and at that time
Leticia could relocate the children without restriction (finding 17).  In 2000, the Court changed the domicile
restriction, limiting the children=s primary residence to Harris County Texas, and gave Jeff
the right to make educational decisions regarding the children (finding 18).

_        The
school Jeff selected is located in a residential area that is more expensive
than Leticia can afford without additional child support beyond the levels
established by the Texas Family Code guidelines (finding 19).

_        The
decision of the court of appeals in this cause constitutes a material and
substantial change of circumstances affecting the parents and the children
(finding 20).

_        Between
October 1, 2000 and December 1, 2002, Jeff paid an additional amount of child
support pursuant to the order of February 23, 2001, totaling $86,250 (finding
21).[2]

_        Jeff
has remarried and has one child of his new marriage (finding 22).

_        At
the time the trial court entered its findings and conclusions, Leticia had no
significant cash but the equity in the home she occupies with the children, in
the school district selected by Jeff, is approximately $250,000 (finding 23).

Jeff timely filed objections to the above findings of
fact and conclusions of law and requested additional findings and
conclusions.  The trial court did not
file any additional findings or conclusions. 









Jeff appeals the trial court=s 2003 order
denying his request for recoupment, increasing his child support obligation,
and awarding Leticia attorney=s fees.[3]  Jeff argues the trial court erred by (1)
denying his claim for recoupment of $86,250 in child support payments he made
to Leticia during the pendency of his prior appeal to this Court; (2)
increasing his child support obligation from $1,500 per month to $3,000 per
month; and (3) awarding attorney=s fees to Leticia
and her attorney.

II.         Discussion

A.      Jeff=s Claim for
Recoupment of $86,250 

In issues one through three, Jeff argues
the trial court erred in not allowing him to recoup the $86,250 in child
support he overpaid.  In issues four and
five, Jeff asserts the trial court erred in failing to make certain requested
findings about the $86,250 when there was evidence to support same and, thus,
the findings cannot be deemed against Jeff.

Jeff asserts six theories in support of
his claim for recoupment:  (1) he made a
request for and has a right to a money judgment; (2) the overage paid by Jeff
may be applied towards his future child support obligation as recognized by
Texas Family Code sections 154.012 and 154.013; (3) the trial court had a duty
to comply with this Court=s mandate that Leticia take nothing, and
it has not complied; (4) Jeff has the right to recover the overpayment under
theory of, or analogy to, wrongful execution, sections 34.021 and 34.022 of the
Texas Civil Practice and Remedies Code; (5) Leticia has been unjustly enriched
by the overpayment; and (6) equity and the common law demand Jeff recoup the
overpaid child support.  It is undisputed
Jeff paid Leticia $86,250 in child support, in addition to the $1,500 per month
child support obligation provided for in the 1995 divorce decree, pursuant to
the trial court=s 2001 order.








In response, Leticia argues Jeff has
waived his right to recoupment.  She
contends Jeff never properly requested suspension of the child support
obligation while the case was pending in the court of appeals under Texas
Family Code sections 109.001 or 109.002. 
Tex. Fam. Code Ann. '' 109.001, 109.002
(Vernon 2002).  Additionally, Leticia
argues this court=s mandate did not suspend Jeff=s payments or
order that the money be repaid; thus, the trial court had no authority to grant
any other relief but that set forth in the mandate pursuant to Texas Rule of
Appellate Procedure 51.1.  Tex. R. App. P. 51.1.   Further, Leticia argues there is no unjust
enrichment because the benefit of the increased child support went to the
children and she was only a conduit for the benefit to flow to the children.

We review the trial court=s denial of Jeff=s claim for
recoupment de novo.  Under de
novo review, the reviewing court exercises its own judgment and determines
each legal issue.  Quick v. City of
Austin, 7 S.W.3d 109, 116 (Tex. 1998). 
Whether Jeff may recoup the child support he overpaid pursuant to a
trial court order later reversed on appeal is an issue that has not been
addressed by Texas courts.  

Texas Family Code sections 109.001 and
109.002 allow a trial court or an appellate court to suspend the operation of
an order or judgment that is being appealed. 
Tex. Fam. Code Ann. '' 109.001(a)(6),
109.002(c) (Vernon 2002).  Jeff did not
seek suspension from the trial court or this court of the trial court=s 2001 order
increasing his monthly child support obligation to $4,500.  We find nothing in the statute requiring Jeff
to seek suspension of the order under the Texas Family Code as a prerequisite
to seeking recoupment of the $86,250 in child support he overpaid during the
pendency of the previous appeal. 
Clearly, Jeff=s appeal of the trial court=s order increasing
his monthly child support obligation to $4,500 was a direct attack on the trial
court=s 2001 order, and
he has not waived this issue.

In his pleadings, Jeff alleged that, as ordered by the trial
court, he began paying increased child support in the amount of $4500 per month
in October 2000, and, in addition, paid Leticia a total amount of $11,250 in
retroactive child support, payable at the rate of $937.50 per month, beginning
March 1, 2001.   Jeff appealed the order,
but continued to pay the increased child support as well as the retroactive
amounts ordered, during the pendency of his appeal.  On appeal, the judgment awarding Leticia
increased child support was reversed and this court rendered a take-nothing
judgment on Leticia=s claims.  Jeff
requested that the trial court grant him a money judgment against Leticia for
the aggregate of these amounts, plus interest. 
Alternatively, Jeff sought application of the overage to future child
support obligations. 








The trial court did not sustain any special exceptions by
Leticia as to Jeff=s claim to recover his overpayments.  Therefore, we review Jeff=s pleadings liberally in his favor in
determining the pleaded claims.  See  Boyles v. Kerr, 855 S.W.2d 593, 600B01 (Tex.1993).  In liberally construing this pleading, we
must find that the pleading contains any claims that reasonably may be inferred
from the specific language used in the pleading, even if the petition fails to
state all of the elements of that claim.  See id. 
This review shows that Jeff=s pleading is sufficient to assert a
claim for money had and received or for equitable restitution based on the
overpayments.  See Staats v. Miller,
243 S.W.2d 686, 687B88 (Tex. 1951) (holding that the only thing that needs to be
proved in a claim for money had and received Ais that defendant holds money which
in equity and good conscience belongs to [the plaintiff]@); Tri-State Chemicals, Inc. v.
Western Organics, Inc., 83 S.W.3d 189, 194B95 (Tex. App.CAmarillo 2002, pet. denied) (stating
that Amoney@ for purposes of claim for money had
and received includes the equivalent of money and that, regardless of labels,
Texas recognizes common law claims for money had and received and
restitution).  

An action for money had and received is an equitable doctrine
that courts apply to prevent unjust enrichment. 
Miller Rogaska, Inc. v. Bank One, 931 S.W.2d 655, 662 (Tex. App.CDallas 1996, no writ).  The cause of action is not premised on
wrongdoing, but looks to the justice of the case and inquires whether the party
has received money that rightfully belongs to another.  Amoco Prod. Co. v. Smith, 946 S.W.2d
162, 164 (Tex. App.CEl Paso 1997, no writ). 
The question in an action for money had and received is to which party
does the money, in equity and law belong. 
Staats, 243 S.W.2d at 687. 
In his claim, Jeff asks the court to return that which is due to him C the sums he paid in compliance with
a court order that this court subsequently overturned.  Under common law principles of money had and
received or restitution, Jeff is entitled to recover these sums.  See Staats, 243 S.W.2d at 687B88; Tri-State Chemicals, Inc.,
83 S.W.3d at 194B95.








The record
contains ample evidence to support a judgment for Jeff=s recovery of all sums paid in child support and
retroactive child support under the order this court set aside. 
Accordingly, we reverse the trial court=s judgment and render judgment for
Jeff in the amount of $86,250.  Because
we sustain issue one, we do not reach issues two, three, four, and five.

B.      The
Modification of Jeff=s Monthly Child
Support Obligation to $3,000

In six issues, Jeff challenges the trial
court=s current order
increasing his monthly child support obligation to $3,000.  Specifically, in issues six and seven, Jeff
argues the trial court erred in failing to establish that the correct
comparison date for purposes of the modification is the date of divorce.  In issues eight, nine, and ten, Jeff argues
the trial court abused its discretion in increasing his monthly child support
obligation to $3,000, retroactive to March 1, 2003, and in failing to make
certain requested findings.  In issue
eleven, Jeff requests that he recoup all support he has paid to Leticia in excess
of that deemed proper by this court in this appeal.

1.       Standard
of Review

A trial court=s child support
order will be overturned only upon showing of an abuse of discretion.  London, 94 S.W.3d at 143.  Under the abuse of discretion standard, the
legal and factual sufficiency of the evidence are not independent grounds of
error but are merely factors in assessing whether the trial court did in fact
abuse its discretion.  Id. at 143B44.  

We review a trial court=s findings for
legal and factual sufficiency of the evidence by the same standards that are
applied in reviewing evidence supporting a jury=s finding.  Catalina v. Blasdel, 881 S.W.2d 295,
297 (Tex. 1994).  When challenged on
appeal, the findings are not conclusive if there is a complete reporter=s record, as there
is here.  In re K.R.P., 80 S.W.3d
669, 673 (Tex. App.CHouston [1st Dist.] 2002, pet.
denied).  The trial court is the sole
judge of the credibility of the witnesses and the weight to be given their
testimony.  Barrientos v. Nava, 94
S.W.3d 270, 288 (Tex. App.CHouston [14th
Dist.] 2002, no pet.).  The trial court=s findings will
not be disturbed if there is evidence of probative force to support them.  Id. 









When an appellant attacks the legal
sufficiency of an adverse finding on an issue on which he did not have the
burden of proof, the appellant must demonstrate on appeal there is no evidence
to support the adverse finding.  Price
Pfister, Inc. v. Moore & Kimmey, Inc., 48 S.W.3d 341, 347 (Tex. App.CHouston [14th
Dist.] 2001, pet. denied).  In reviewing
a Ano evidence@ point, we
consider all the evidence in the light most favorable to the trial court=s finding,
indulging every reasonable inference in favor of the prevailing party, and
disregarding all evidence and inferences to the contrary.  Bradford v. Vento, 48 S.W.3d 749, 754
(Tex. 2001); Price Pfister, Inc., 48 S.W.3d at 347.  If more than a scintilla of evidence exists
to support the finding, the no evidence challenge fails.  Formosa Plastics Corp. USA v. Presidio Eng=rs & Contractors,
Inc.,
960 S.W.2d 41, 48 (Tex. 1998).   

When an appellant attacks the factual
sufficiency of an adverse finding on an issue on which he did not have the
burden of proof, the appellant must demonstrate the finding is so contrary to
the overwhelming weight of the evidence as to be clearly wrong and manifestly
unjust.  Price Pfister, Inc., 48
S.W.3d at 347.  In a factual sufficiency
challenge, all of the evidence in the record, both for and against the finding,
is reviewed.   Id.

2.       The
Comparison Date

In his sixth and seventh issues, Jeff
argues the trial court erred in failing (1) to conclude the correct comparison
date of the order sought to be modified was the date of divorce; and (2) to
grant Jeff=s requested amended conclusion of law,
which would have established the correct comparison date was the date of
divorce.  

Leticia agrees with Jeff that the order
sought to be modified in this proceeding is their decree of divorce.  Thus, the divorce decree, dated December 27,
1995, is the comparison date for the purpose of determining whether there has
been a material and substantial change of the circumstances of the children or
the parties at the time of modification. 
Accordingly, we sustain issues six and seven.








3.       Sufficiency
of the Evidence to Support Modification of Jeff=s Monthly Child
Support Obligation to $3,000

In issue eight, Jeff argues the trial
court abused its discretion in increasing Jeff=s child support
obligation from $1,500 to $3,000 per month, retroactive to March 1, 2003,
because there is no evidence or, alternatively, factually insufficient evidence
(1) that Leticia met the statutory requisites for an increase in child support;
(2) that the needs of the children are $3,000 per month or any amount in excess
thereof; and (3) that there had been a material change of circumstances for
Jeff, Leticia, or the children.  In
issues nine and ten, Jeff argues the trial court failed to make certain
requested findings regarding the increase in child support and retroactive
child support.  

Section 156.401 of the Texas Family Code
allows a court to modify an order that provides for the support of a child if Athe circumstances
of the child or a person affected by the order have materially and
substantially changed since . . . the date of the order=s rendition.@  Tex.
Fam. Code Ann. ' 156.401(a)(1)(A) (Vernon Supp.
2005).  In determining whether a
modification of support is necessary, the trial court is to examine and compare
the circumstances of the parents and any minor children at the time of the
initial order, with the circumstances existing at the time modification is
sought.  London, 94 S.W.3d at
144.  The trial court is given broad
discretion in setting child support payments and in modifying those
payments.  Id.; Nordstrom v.
Nordstrom, 965 S.W.2d 575, 578 (Tex. App.CHouston [1st
Dist.] 1997, pet. denied).  The record
must contain both historical and current evidence of the relevant person=s financial
circumstances.  Without both sets of
data, the court has nothing to compare and cannot determine whether a material
and substantial change has occurred.  Id.
at 144B45.  As the movant, it was Leticia=s burden to show
the requisite material and substantial change in circumstances since the entry
of the divorce decree.  London, 94
S.W.3d at 145.  








When, as in this case, an obligor=s monthly net
resources exceed $6,000, a court shall apply the percentage guidelines to the
first $6,000 and, without reference to the percentage recommended by the
guidelines, a court may order additional amounts of child support as appropriate,
depending on the income of the parties and the proven needs[4]
of the child.  Tex. Fam. Code Ann. ' 154.126 (Vernon
2002).  Under the guidelines, for two
children, the presumptive monthly support amount is $1,500 (twenty-five percent
of $6,000).  See Tex. Fam. Code Ann. ' 154.125(b)
(Vernon 2002).  This is the amount of
monthly child support Jeff is required to pay in accordance with the parties= divorce decree.

In addition to setting Jeff=s monthly child
support at $1,500, the divorce decree also appointed Jeff and Leticia joint
managing conservators of their two children, restricted the domicile of the
children to Harris County, and obligated Jeff to provide and pay for health
insurance for the children.  The decree
also required Jeff to pay Leticia contractual alimony in the amount of $1,500
per month in 1996 and 1997.  

a.       The
Trial Court=s Finding of a Material and Substantial
Change in Circumstances

The trial court found the circumstances of
Jeff, Leticia, and the children had Amaterially and
substantially changed since the date of rendition of [the divorce decree].@  Jeff argues the evidence is insufficient to
support the trial court=s findings of a material and substantial
change in circumstances.  Specifically,
Jeff argues the following facts do not constitute a material and substantial
change in circumstances:  (1) the Harris
County domicile restriction; (2) alimony and voluntary payments by Jeff; (3)
attorney=s fees; (4)
Leticia=s income and work;
(5) Leticia=s savings at the time of divorce; (6) the
fact that Leticia can only communicate with Jeff through counsel; (7) the
R.A.D. investment; (8) the court of appeals= decision; and (9)
the needs of the children in 1995 versus the current needs of the
children.  We address in turn each of
these alleged changes in circumstance.








Domicile      Initially, the divorce restricted the
domicile of the children to Houston, Harris County, Texas until January 1,
2000, at which time the domicile may be changed, provided the domicile
will remain within a two-hundred mile radius of Houston, Harris County,
Texas.  In 2000, the trial court modified
the decree and limited the primary residence of the children to Harris County
and gave Jeff the right to make educational decisions.  Although the original decree permitted the
possibility that the domicile restriction could be lifted, it was not.  Because the children=s domicile at the
time of divorce and at the time of modification was restricted to Harris
County, Texas, domicile does not constitute a material and substantial change
of circumstance.

Voluntary Payments       Section 156.403 of the Texas Family Code
specifically provides that a Ahistory of support
voluntarily provided in excess of the court order does not constitute cause to
increase the amount of an existing child support order.@  Tex.
Fam. Code Ann. ' 156.403 (Vernon 2002).  Thus, any voluntary payments made by Jeff in
the past do not provide a basis to increase the amount of child support.

Attorney=s Fees    Leticia argues a change of circumstances is
evidenced by the attorney=s fees she has incurred in this suit, in
the previous modification proceeding, and in communicating with Jeff.  In the previous modification proceeding, this
court set aside the trial court=s award of
attorney=s fees to Leticia
because Leticia did not present any evidence to support the award.  London, 94 S.W.3d at 146B47.  With regard to attorney=s fees Leticia has
incurred in communicating with Jeff since the divorce, no evidence was
introduced regarding the amount of any such fees incurred.  Further, Leticia admitted she has failed to
pick up mail from Jeff and blocked his emails, forcing the parties to communicate
through their attorneys.  Consequently,
Leticia has not shown any attorney=s fees she has
incurred constitute a material and substantial change in circumstance.








Leticia=s Employment and
Income     With regard to her employment
and income, Leticia asserts Aher income from
being a self-employed photographer was not a necessary part of what the family
needed to live but it has now become a necessary part since the time of
divorce,@ and this
constitutes a change.  Leticia further
asserts she is not arguing that she did not have to work at the time of divorce
and now she does.  Leticia=s arguments
concerning her employment and income are unclear, and we are unable to discern
Leticia=s argument on this
specific issue.  

The trial court found Leticia=s net resources
from her employment at the time of divorce were none and her net resources at
the time of modification were less than $8,000 per year and less than $700 per
month.  Leticia testified her ability to
go out and earn money to assist in the needs of the children has substantially
improved since 1995.  Given that Leticia=s employment and
income have improved since the time of divorce, these changed circumstances
would not favor an increase in child support.

Leticia=s Savings  At the time of divorce, Leticia had $90,000 in
the bank.  Leticia claims she depleted
her savings in an effort to pay her living expenses.  She asserts over two-thirds of her monthly
expenses are attributable to the children. 


The trial court specifically found Leticia
had no significant cash at the time of modification, but that the equity
in the home which she occupies is approximately $250,000.   Leticia testified the $90,000 in savings she
had at the time of divorce had grown into the current equity she has in her
home.[5]  At the time of divorce, Leticia did not own
any real estate.  Leticia=s decision to
invest her savings in a home greatly increased her current net worth as
compared to the time of divorce.  Given
that her investment in the home has grown, this change in circumstance would
not favor an increase in child support.








R.A.D. Investment Leticia argues she was told her interest in the
R.A.D. investment was worth one million dollars at the time of divorce, and she
was later told her interest was worth three-hundred thousand dollars.  She claims she was depending on this money,
but never received any money from the investment.  The trial court made no findings regarding
R.A.D. 

Leticia testified she did not receive any
money from the R.A.D investment at the time of divorce, she still has not
received any income from the investment, and she did not rely on the R.A.D.
investment in purchasing her home.  The
alleged decrease in the value of the R.A.D. investment does not constitute a
material and substantial change in circumstance.

The Court of
Appeals= Decision         The trial court specifically found this
court=s 2002 opinion
reversing the previous modification order constitutes a change of circumstance
for Leticia, Jeff, and the children.  We
disagree.  To  determine whether there has been a material
and substantial change of circumstances, the trial court was to compare the financial
circumstances of the children and the affected parties at the time of divorce
in 1995 with their circumstances at the time modification was sought.  In re Z. B. P., 109 S.W.3d 772,
780  (Tex. App.CFort Worth 2003,
no pet.).  This Court=s intervening 2001
decision has no bearing on the analysis.

The 1995 Needs of
the Children versus the Current Needs of the Children      The trial court made no findings
regarding the 1995 needs of the children. 
With regard to the current needs of the children, the trial court found
the current proven needs of the children during Leticia=s periods of
possession are more than $3,500 per month. 


The only record evidence showing the 1995
needs of the children is Leticia=s answer to the
following interrogatory:

12.     Identify and state the amount of each of
your monthly living expenses on December 27, 1995.

12.     ANSWER:

Lease
Payments-House    $3,700.00    Car
Repairs           $100.00

Utilities                            $1,000.00    Haircuts                 $  40.00

Food                               $   400.00    Clothing                 $150.00

Car
Insurance                 $   125.00    Gifts                      $  30.00








Gas/oil/parking                 $   150.00    Diapers                 $150.00

The above monthly expenses total $5,845.  However, Leticia=s interrogatory
answer does not differentiate between the needs of the children and her
needs.  Further, no documents were
produced to support Leticia=s answer to the
interrogatory, and she relied on her memory alone in listing the expenses.  Upon cross-examination, Leticia admitted her
lease payment in 1995 was $3,250 and not $3,700 per month as stated in the
interrogatory. 

          As to current needs, Leticia produced a
list of her current monthly living expenses and attributed two-thirds of the
expenses to the children.  The expenses
attributed to the children totaled $7,244.75. 
On cross-examination, Jeff called into question several of the expenses
listed by Leticia, and several of the expenses were reduced. 

It is undisputed that at the time of
modification, Jeff had possession of the children fifty-percent of the time, at
least fifteen days per month. 
Additionally, when the children are with Jeff, Leticia does not pay for
the children=s food or entertainment.

Viewing the evidence in the light most
favorable to Leticia, a comparison of the children=s 1995 needs and
their current needs shows the children=s needs have not
materially or substantially changed.  In
1995, the children=s monthly proven needs were approximately
$3,600 (two-thirds of $5,400, the total amount of Leticia=s and the children=s monthly
needs).  At the time of modification, the
trial court found the children=s monthly needs
were not more than $3,500 per month. 
Leticia has failed to present any evidence that the children=s needs have
increased since the time of divorce. 
Thus, the decrease in the expenses required to meet the needs of the
children does not constitute a material and substantial change in circumstances
warranting an increase in Jeff=s child support
obligation.[6]








Based on the foregoing, we hold Leticia
failed to present sufficient evidence to support the trial court=s finding of a
material and substantial change in circumstances sufficient to support
modifying the original amount of support provided in the divorce decree.  Accordingly, we reverse that part of the
judgment granting Leticia=s petition to modify and increasing Jeff=s monthly child
support obligation to $3,000, and render judgment that Leticia take nothing on
her claim for modification.  We sustain
issue eight and overrule issues nine and ten.

b.       Jeff=s Claim for
Recoupment of Child Support Overpaid During the Pendency of this Appeal

In issue eleven, Jeff seeks recoupment of
any child support that he has overpaid during the pendency of this appeal in
the event this court overturns the trial court=s 2003 increase in
his support obligation.  Leticia argues
Jeff is barred from seeking such relief because he failed to seek suspension of
the increased child support payments from the trial court or this court and
instead seeks such relief for the first time on appeal.  

For the same reasons that we hold Jeff may
recoup the child support he overpaid during the pendency of the previous
appeal, we likewise hold Jeff may recoup the amount of child support, if any,
he has overpaid during the pendency of this appeal.  Upon remand of this case to the trial court,
affirmative relief against Leticia for any amount he has overpaid is not
foreclosed.  Accordingly, we sustain issue
eleven.

C.      The
Award of Attorney=s Fees to Leticia

In issue twelve, Jeff argues the trial
court abused its discretion in awarding a judgment in favor of Leticia for
attorney=s fees.  In issue thirteen, Jeff argues the trial
court erred in failing to make certain requested findings about the awards of
attorney=s fees and,
therefore, the findings cannot be deemed against him.








In family law matters, the trial court has
broad discretion in awarding attorney=s fees,
particularly in those matters involving the parent-child relationship.  Tex.
Fam. Code Ann. ' 106.002 (Vernon Supp. 2005); Bruni v.
Bruni, 924 S.W.2d 366, 368 (Tex. 1996). 
Attorney=s fees rendered in the prosecution or
defense of a suit affecting the parent‑child relationship may be awarded
as necessaries to the child, even where the fees are incurred by the
unsuccessful party.  In re A.J.L.,
108 S.W.3d 414, 422  (Tex. App.CFort Worth 2003, pet. denied).  The trial court=s discretion,
however, is not unlimited, and no provision is made, absent good cause, for
allowing an unsuccessful party recovery of her attorney=s fees.  Reames v. Reames, 604 S.W.2d 335, 337
(Tex. 1980).  Because Leticia is not the
prevailing party on appeal on any issue, we reverse the award of attorney=s fees and remand
to the trial court for the court to hear evidence on whether good cause supports
the award of attorney=s fees to the non-prevailing party.  Issues twelve and thirteen are sustained.

III.      Conclusion

The judgment of the trial court is
reversed.  Judgment is rendered that
appellant, Jeffrey London, recover $86,250 in overpaid child support and any
child support overpaid during the pendency of this appeal.  It is further rendered that appellee, Leticia
London, take nothing on her suit to modify child support.  That portion of the judgment awarding
attorney=s fees is remanded
to the trial court for proceedings consistent with this opinion.  

 

 

 

 

/s/      John S. Anderson

Justice

 

 

 

 

Judgment
rendered and Opinion filed October 28, 2005.

 

Panel
consists of Justices Anderson, Hudson, and Frost











[1]  The trial
court did not differentiate its findings of fact from its conclusions of law.





[2]  In its
findings, the trial court mistakenly transposed the numbers on the year of the
February 23, 2001 modification order; the trial court erroneously refers to the
date of the order as February 23, 1002.





[3]  After
submission of this appeal, Jeff filed for bankruptcy on January 21, 2005.  On May 4, 2005, the bankruptcy court granted
Jeff=s request for relief from the automatic stay for
purposes of the entry of orders related to this case, Cause Number 1995-51934; In
the Matter of the Marriage of Jeffrey London and Leticia London; In the
308th Judicial District Court of Harris County, Texas.





[4]   In evaluating
the needs of a child, and, thus, the exercise of the court=s discretion in determining those needs, we are guided
by the paramount principle in child support decisions, the best interest of the
child.  Rodriguez v. Rodriguez,
860 S.W.2d 414, 417 n.3 (Tex. 1993).





[5]  Leticia
purchased the home with the $90,000 in cash she had in the bank along with a
$186,000 loan.  The home has appreciated
in value to approximately $425,000.  At
the time of trial, Leticia=s equity in her home was approximately $250,000.





[6]  Under section
154.126 of the Texas Family Code, the trial court may order additional amounts
of child support beyond the twenty-five percent guideline, here, $1,500, depending
upon the income of the parties and the proven needs of the children.  Tex.
Fam. Code Ann. ' 154.126.  The
trial court specifically found Jeff=s net
resources at the time of divorce were at least $14,823 per month and at the
time of modification were in excess of $60,000 per month.  Jeff has always made in excess of $6,000 per
month.  Leticia does not argue that the
increase in Jeff=s net resources is a basis for increasing his child
support obligation.